UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MILAGROS ROSAL,<br><br>      Plaintiff,<br><br>      v.<br><br>DAVID A. WILLIAMS, et al.,<br><br>      Defendants. | Case No. 5:18-0296- ODW (ADS)<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |

## I. INTRODUCTION

On February 9, 2018, plaintiff Maria Milagros Rosal ("Plaintiff"), who is proceeding pro se and at liberty, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against defendants David A. Williams, G. Jacqueline Pelaze, and the Superior Court of California, County of San Bernardino Fontana Courthouse (collectively, "Defendants"). On February 12, 2018, Magistrate Judge Sheri Pym issued an Initial Civil Rights Case Order and Notice of Time Limit for Serving Complaint ("Initial Civil Rights Case Order") in this matter. [Dkt. No. 7]. The Initial Civil Rights

1 Case Order advised Plaintiff that the summons and complaint must be served on each
2 named defendant in accordance with Federal Rule of Civil Procedure 4(m) by May 10,
3 2018, and specifically ordered that a proof of such service must be filed with the Court"
4 by no later than May 17, 2018. [Id., p. 1]. Plaintiff was expressly warned that failure to
5 comply with this requirement may result in the dismissal of any unserved defendants.
6 [Id.]

7 On May 29, 2018, Magistrate Judge Pym issued an Order to Show Cause Why
8 Case Should Not Be Dismissed for Failure to Effect Service. The Order to Show Cause
9 noted the following: (1) Plaintiff did not file proof of service forms for any defendant;
10 (2) Plaintiff did not request or obtain a court order granting an extension of time to do
11 so. [Dkt. No. 8, p. 1]. As a result, Magistrate Judge Pym ordered Plaintiff to show good
12 cause, in writing, by June 13, 2018 "why this case should not be dismissed without
13 prejudice for Plaintiff's failure to prosecute and serve Defendants within the required
14 time period, as directed in the Initial Civil Rights Order." [Id., p. 1]. Magistrate Judge
15 Pym expressly advised Plaintiff that Plaintiff "may discharge this Order to Show Cause
16 by filing, not later than June 13, 2018, proof of service of the summons and complaint."
17 [Id.] On June 18, 2018, by Order of the Chief Magistrate Judge, this action was
18 transferred to the calendar of Magistrate Judge Autumn D. Spaeth. [Dkt. No. 9].

19 Plaintiff's deadline to respond to the Order to Show Cause expired more than two
20 months ago. To date, Plaintiff has not filed a Proof of Service or responded to the May
21 29, 2018 Order to Show Cause. Further action cannot be taken in this matter without
22 Plaintiff's participation. The Court therefore finds that dismissal of this action without
23 prejudice is appropriate pursuant to Federal Rule of Civil Procedure 41(b) for failure to
24 prosecute and comply with court orders.

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to sua sponte dismiss actions for failure to prosecute or to comply with court orders. See Link v. Wabash R.R., 370 U.S. 626, 629–30 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). Dismissal, however, is a "harsh penalty and is to be imposed only in extreme circumstances." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (recognizing district court's inherent power to sua sponte dismiss a case for lack of prosecution). In considering whether to dismiss an action for failure to prosecute or to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); see also Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992) (applying the factors in reviewing the dismissal of a social security case).

### A. The Five Factors Support Dismissal

#### 1. Expeditious Resolution and the Court's Need to Manage Its Docket

In this action, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Pursuant to the Initial Civil Rights Case Order, Plaintiff was originally required to file a Proof of Service of the summons and complaint by May 17, 2018. [Dkt. No. 7, p. 1]. This order contained a warning that failure to do so may result in the dismissal of any

3

unserved defendants. [Id.] After Plaintiff failed to meet this deadline, Magistrate Judge Pym issued an Order to Show Cause requiring Plaintiff, by June 13, 2018, to file a Proof of Service or explain why she was unable to do so. [Dkt. No. 8, p. 1]. The Court expressly warned Plaintiff "**that failure to respond to the Order to Show Cause by June 13, 2018, or further failure to prosecute this action in accordance with court orders, may result in dismissal of this action for failure to prosecute**." [Id., p. 2 (emphasis in original)].

As of the date of this Order, however, Plaintiff has not filed a Proof of Service or responded to the Order to Show Cause. Plaintiff's dilatory conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff no longer intends to move this case forward or litigate this action diligently. Accordingly, the first two factors militate in favor of dismissal.

### 2. The Risk of Prejudice to Defendants

The third factor, prejudice to Defendants, also favors dismissal. "Unreasonable delay is the foundation upon which a court may presume prejudice." Southwest Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000); see also Pagtalunan, 291 F.3d at 643 ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") (internal citation omitted). The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. See id. at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999).

Here, Plaintiff has not offered any excuse for her failure to serve the summons and complaint on defendants, file a Proof of Service or respond to the Court's order. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. See Yourish, 191 F.3d at

4

991–92. Having received no excuse for Plaintiff's failure to serve the summons and complaint on defendants or file a Proof of Service, despite two Court orders, the "prejudice" element favors dismissal.

### 3. Less Drastic Alternatives

The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal. However, the Court has attempted to avoid outright dismissal of this case by extending Plaintiff's deadline for filing a Proof of Service from May 17, 2018 to June 13, 2018. [Dkt. No. 8, p. 1]. The Court also afforded Plaintiff the opportunity to explain why she failed/could not serve the summons and complaint on Defendants and file the required Proof of Service. [Id.] In the Order to Show Cause, the Court expressly advised Plaintiff that failure to respond to the Order to Show Cause by June 13, 2018, or further failure to prosecute the action may result in dismissal for failure to prosecute." [Id., p. 2]. Accordingly, the Court has taken meaningful steps to explore alternatives to dismissal here. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Given Plaintiff's demonstrated unwillingness to participate in her own litigation, sanctions other than dismissal do not appear to be appropriate at this time.

### 4. Public Policy Favoring Disposition on the Merits

The fifth factor—public policy favoring disposition of cases on their merits—also ordinarily weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). Here, Plaintiff has not discharged this responsibility despite having ample time to do so. Under these

circumstances, the public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to serve the summons and complaint on Defendants and file the required Proof of Service, as well as timely respond to court orders.

### B. Dismissal of This Action is Warranted

Taking all of the above factors into account, dismissal for failure to prosecute is appropriate. In this case, Plaintiff has been cautioned about the possibility of dismissal without prejudice in the Initial Civil Rights Case Order dated February 12, 2018, [Dkt. No. 7, p. 1], and the Order to Show Cause dated May 29, 2018. [Dkt. No. 8, pp. 1 and 2]. In the Order to Show Cause, the Court expressly warned Plaintiff that failure to respond by June 13, 2018 may result in dismissal of the action. [Dkt. No. 8, p. 2]. Despite this warning, Plaintiff has failed to comply with the Court's orders and participate in her own litigation. Accordingly, the Court concludes that dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) is proper.

## III. CONCLUSION

For the foregoing reasons, this action is DISMISSED WITHOUT PREJUDICE for failure to prosecute and obey court orders.

**IT IS SO ORDERED**.

Dated: September 13, 2018

_____
THE HONORABLE OTIS D. WRIGHT, II
United States District Judge

Presented by:

    /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge

6